MALEX REALTY CORPORATION, Respondent, *v.* ADOLPH A. HAGEMAN, Appellant.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1923.

**Damages — breach of contract involving first mortgage loan — premises to be taken subject to such first mortgage as plaintiff might procure — plaintiff unable to obtain mortgage from any other source — no damages shown where amount of loan was unfixed and other means were open to plaintiff without penalty.**

In a contract to convey real property held by plaintiff under a contract of purchase plaintiff stipulated that it would make all reasonable effort to procure a first mortgage for the largest possible amount not exceeding $15,000 and it was agreed that the premises were to be taken subject to such first mortgage as plaintiff might be able to procure. The contract to convey also provided that said first mortgage whatever its amount should bear interest at the rate of five and one-half per cent per annum payable as required by the lender and should become due on or about a fixed date, and, further, that in the event that said mortgage should be less than $15,000, the difference should be paid by the

execution and delivery of the personal bond of the purchaser for such amount secured by a purchase-money second mortgage covering the premises. Upon the trial of an action to recover for defendant's breach of contract to lend $15,000 as a first mortgage loan, plaintiff proved that at that time it had become impossible to obtain a first mortgage from any other source. *Held*, that a judgment in plaintiff's favor in the amount paid by it to its vendor to be relieved from its bargain, less the agreed brokerage paid to defendant for making the loan, will be reversed, with costs, and the complaint dismissed upon the merits, with costs.

The amount of a loan on first mortgage being wholly unfixed, the alternative of lending the money by way of a purchase-money second mortgage was open to plaintiff without penalty, so that it suffered no damages by reason of defendant's breach of contract.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of plaintiff, after trial by a judge without a jury.

*Pallister, Greene & O'Connell (Raymond D. O'Connell,* of counsel), for appellant.

*Alexander S. Natanson,* for respondent.

BIJUR, J. Plaintiff sued to recover for breach of a contract by the defendant to make a loan under the following circumstances:

Plaintiff had agreed to sell two pieces of property which it in turn held under a contract to purchase. In the agreements of sale it was provided: " It is stipulated and understood, that the Seller will make all reasonable efforts to procure a first mortgage for the largest possible amount not, however, exceeding $15,000, but it is expressly understood and agreed, that the premises are to be taken subject to such first mortgage as the Seller may be able to procure. Whatever the amount of the first mortgage so to be procured by the Seller may be, it shall bear interest at the rate of $5\frac{1}{2}\%$ per annum, payable as required by the lender, and shall become due on or about November 1st, 1927. Should the amount of the first mortgage procured by the Seller be less than $15,000, then, in that event, the amount of the difference shall be paid by the execution and delivery of the personal bond of the Purchaser for such amount, to be secured by a purchase money second mortgage covering the above described premises." The provision as to the other parcel was identical except the amount of the mortgage was to be $14,000.

Defendant, after having been permitted to examine this contract, agreed to loan the $15,000 as a first mortgage loan on the premises, but before title passed withdrew from his bargain. Plaintiff, by its witnesses, proved that at that time it had become impossible to obtain a first mortgage from any other source, and that it paid the vendor $1,100 to be relieved of its bargain.

The judge below has found judgment for this last amount less the brokerage agreed to have been paid to the defendant for making the loan. Had the agreement of plaintiff with the vendee been so definite as to place upon the former an obligation to loan to the latter a fixed sum as first mortgage without any alternative, and had it become impossible to obtain in the market a loan on those terms after defendant defaulted, it may be that in view of the impossibility of applying the usual market price rule, plaintiff could recover its loss measured by a *bona fide* settlement made with the vendee. *Delafield* v. *Armsby Co.*, 131 App. Div. 572; affd., on the opinion of Ingraham, J., 199 N. Y. 518. I cannot, however, so construe the contract. The amount to be loaned by plaintiff on first mortgage was wholly unfixed, and in addition thereto the alternative of lending the money itself by way of a " purchase money second mortgage " was open to plaintiff without any penalty so that no damages were suffered by it by reason of defendant's default. The arrangement which it made with the vendee, apparently to be relieved of the inconvenience of making the loan itself, is surely not chargeable against the defendant.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

GUY and MULLAN, JJ., concur.

Judgment accordingly.